IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00038-CMA-BNB

CLIFTON E. PLEMONS, and
ALIECE PLEMONS,

    Plaintiffs,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, a foreign business corporation,
PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,
OCWEN LOAN SERVICE, LLC, a foreign LLC,
TITLE COMPANY OF DENVER,
    *a/k/a* Title Partners of Colorado, a Colorado corporation,
RICHARD G. GEBHARDT, Public Trustee for Boulder County, and
MARGARET T. CHAPMAN, Public Trustee for Jefferson County,

    Defendants.

---

**ORDER DENYING MOTION FOR EMERGENCY STAY AND RESTRAINING ORDER (DOC. # 3) AND EXPEDITED MOTION FOR EMERGENCY STAY AND RESTRAINING ORDER (DOC. #7)**

---

This matter is before the Court on a Motion for Emergency Stay and Restraining Order (Doc. # 3) and Expedited Motion for Emergency Stay and Restraining Order (Doc. # 7) filed by Plaintiffs Clifton E. Plemons and Aliece Plemons on January 13, 2011 and January 28, 2011, respectively. For the reasons discussed below, both Motions are denied.

## I. **BACKGROUND**[1]

This action arises from refinanced mortgages Plaintiffs obtained from Defendant People's Choice Home Loan, Inc. in connection with two parcels of land; one parcel is located in Boulder County, Colorado, at 339 Rudi Lane, Golden, Colorado ("Boulder County Property"); the other parcel is located in Jefferson County, Colorado ("Jefferson County Property").

On January 6, 2011, Plaintiffs filed a Complaint in this Court against the above-captioned Defendants asserting the following seven claims: Violations of 15 U.S.C. § 1601, the Truth in Lending Act (Claim 1); Unfair Debt Collection Practices (Claim 2); Set Aside Trustee's Sale (Claim 3); Declaratory Relief (Claim 4); Unjust Enrichment (Claim 5); Fraud in Violation of Colorado Consumer Protection Act (Claim 6); and Negligence (Claim 7).  (Doc. # 1.)  Plaintiffs claim that Defendant People's Choice failed to disclose important details about the loans' terms, such as that the loan was an adjustable rate mortgage when Plaintiffs believed they were signing a 30-year fixed rate mortgage.  Plaintiffs also allege various defects in the loan's processing, including that no settlement agent or notary attended a closing on the loan, no appraisal was produced for one of the parcels, and they never received a proper three-day Notice of Right to Cancel or a Truth in Lending Act (TILA) Disclosure Statement.

---

[1] Unless otherwise noted, all facts are taken from the Complaint (Doc. #1), Motion for Emergency Stay and Restraining Order (Doc. # 3), and Expedited Motion for Emergency Stay and Restraining Order (Doc. # 7).

In the fall of 2006, Plaintiffs defaulted on their mortgage and foreclosure proceedings commenced.  On October 1, 2010, the Boulder County Property was sold to Defendant HSBC Bank, USA, N.A., at a public trustee sale.  A confirmation deed was executed on October 26, 2010.  (Doc. #7 at 5).  Pursuant to the public trustee sale, a hearing was held in Boulder County Court, on January 12, 2011.

Plaintiffs assert that the refinanced mortgage is fraudulent.  Accordingly, Plaintiffs contend that Defendant OCWEN Loan Service, LLC's efforts to collect debt on the mortgage, and Defendants' collective efforts to foreclose upon the Boulder County Property are in violation of the Fair Debt Collections Act ("FDCPA") and Colorado statutes.

On January 13, 2011, Plaintiffs filed a Motion for Emergency Stay and Restraining Order, in which they seek an immediate stay "of all further proceedings in or arising out of the foreclosure sale pending the full determination of the Federal action." (Doc. # 3 at 2.)  Plaintiffs assert that they will suffer irreparable injury arising from eviction and the loss of their home, if a stay is not granted.

On January 28, 2011, Plaintiffs filed an Expedited Motion for Emergency Stay and Restraining Order, in which Plaintiffs assert that they will be forcibly evicted from their home on Saturday, January 29, 2011.  (Doc. # 7 at 2.)  Plaintiffs contend that the Boulder County Court will not stay the eviction proceedings unless it receives an order from the undersigned by no later than Friday morning, January 14, 2011.

At this juncture, a review of the case docket indicates that Plaintiffs have not served Defendants with a copy of the Complaint or either of the currently pending emergency motions.

## II.  ANALYSIS

Plaintiffs filed the instant Motion for Emergency Stay and Restraining Order (Doc. # 3) and Expedited Motion for Emergency Stay and Restraining Order (Doc. # 7) in an attempt to stall eviction proceedings and ask the Court to interfere with the Boulder County Court's orders authorizing and confirming the sale of the at-issue property. However, pursuant to the *Rooker-Feldman* doctrine,[2] federal district courts are precluded from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property.  *See Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (explaining that the doctrine "applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and commenced and inviting district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (stating same principle).

---

[2]  The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

In the instant case, pursuant to Plaintiffs' allegations in the Complaint and the emergency motions, the Boulder County Court appears to have fully-adjudicated the parties' rights in connection with the Boulder County Property and confirmed that the public trustee sale was conducted in conformity with its order authorizing the sale. As such, this Court is precluded from reviewing or interfering with the eviction proceedings; such interference would require this Court to substitute its judgment for those of the state court's on these issues of property rights, which involve important state interests and which look to state law for their resolution. The more appropriate remedy is to pursue an independent action in state court that challenges the Boulder County Court's orders authorizing foreclosure and the sale of the property. *See Beeler Props. LLC*, 2007 WL 1346591, at *3.

Accordingly, IT IS ORDERED THAT:

(1)  Plaintiffs' Motion for Emergency Stay and Restraining Order (Doc. # 3) is DENIED; and

(2)  Plaintiffs' Expedited Motion for Emergency Stay and Restraining Order (Doc. # 7) is DENIED.

DATED:  February __01__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge