IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00038-CMA-BNB

CLIFTON E. PLEMONS, and
ALIECE PLEMONS,

Plaintiffs,

v.

HSBC BANK USA, National Association, a foreign business corporation,
PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,
OCWEN LOAN SERVICE, LLC, a foreign LLC,
TITLE COMPANY OF DENVER a/k/a TITLE PARTNERS OF COLORADO, a Colorado corporation,
RICHARD G. GEBHARDT, PUBLIC TRUSTEE FOR BOULDER COUNTY, and
MARGARET T. CHAPMAN, PUBLIC TRUSTEE FOR JEFFERSON COUNTY,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions:

(1) **Defendant Jefferson County Public Trustee Margaret T. Chapman's Motion to Dismiss** [Doc. #23, filed 02/28/2011] (the "Motion to Dismiss"); and

(2) The plaintiffs' **Emergency Motion for Immediate Emergency Stay and Restraining Order** [Doc. #26, filed 03/01/2011] (the "Motion for Stay").

I respectfully RECOMMEND that the Motion to Dismiss be GRANTED and that the Motion for Stay be DENIED.

# I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for *pro se* litigants, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiffs filed their Amended Complaint on February 4, 2011 [Doc. #9] (the "Complaint").  The Complaint contains the following allegations pertaining to defendant Chapman:

1. The plaintiffs own two adjacent parcels of land. One parcel is located where the plaintiffs reside in Boulder County (the "Boulder County Property"). The other parcel is located in Jefferson County (the "Jefferson County Property"). *Complaint*, ¶¶ 1, 10, 16, 17.

2. On or about February 17, 2004, the plaintiffs submitted a loan application to People's Choice Home Loan, Inc., to refinance the mortgage on the Boulder County Property. Id. at ¶ 13. The plaintiffs were attempting to replace their existing adjustable rate mortgage with a conventional 30 year fixed rate mortgage. Id. at ¶ 15.

3. On February 21, 2004, People's Choice Home Loan, Inc., called the plaintiffs and said that it was sending a representative with paperwork to be signed. Id. at ¶ 25.

4. During the meeting, the plaintiffs believed they were signing paperwork related to the loan application. Id. at ¶ 28.

5. Subsequently, the plaintiffs learned that the paperwork they completed was in fact the loan closing. The plaintiffs were never informed that they had been approved for a loan. They did not know the terms of the loan until 2006 when they learned that the loan was a 3 year fixed and 30 year adjustable rate mortgage. Id. at ¶¶ 31-32.

6. The terms of the loan were not the terms sought by the plaintiffs, and they would not have accepted a loan under those terms. Id. at ¶ 32.

7. "After conducting a records search, Plaintiffs discovered a recorded quitclaim deed in Jefferson County purporting to transfer Mr. Plemons' interest in [the properties] to Mrs. Plemons. Mr. Plemons denies ever executing such a quitclaim deed." Id. at ¶ 36.

8.   On or about May 2004, the plaintiffs received a phone call from defendant HomeQ Servicing Company on behalf of HSBC Bank USA stating that the plaintiffs owed an arrearage of $8,995.00 in mortgage payments.  Id. at p. 7, ¶ 40.[1]

9.   In May 2004, the plaintiffs requested the original loan and closing documents.  In September 2009, defendant Title Company of Denver produced three documents which it represented as original loan documents.  Id. at p. 8, ¶ 44.

10.   Mrs. Plemons found that the signature on the documents was not Mr. Plemons' signature.  Id.  The plaintiffs hired a forensic document examiner "who also has a full report on this matter."  Id. at p. 8, ¶ 45.

11.   Mrs. Plemons sent to defendant Chapman the forensic examiner's report.  Despite the report, Chapman, as Public Trustee for Jefferson County, "had the sale" of the properties.  Id. at p. 9, ¶ 49.

12.   A foreclosure action was initiated against the Boulder County Property, and it was sold to HSBC Bank USA, National Association at a Public Trustee sale on October 1, 2010.  Id. at p. 10, ¶ 50.

The Complaint asserts eight claims for relief.  Defendant Chapman is implicated in two of the claims.  Claim Two states that all of the defendants engaged in unfair debt collection practices.  Id. at p. 11, ¶ 47.  Claim Three is titled "Third Cause of Action (To Set Aside Trustee's Sale).  Id. at p. 11.  Claim Three alleges that Chapman, as Trustee for Jefferson

---

[1]The Complaint is not consecutively paginated.  Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.  In pages 2-10, the plaintiffs list paragraphs 1 through 50.  However, on page 10, beginning with the First Cause of Action, the plaintiffs begin again with paragraph 40.  The paragraphs are then consecutively numbered through the remainder of the Complaint.

County, "allowed the fraudulent foreclosure and sale to proceed and ha[s] acquiesced in the fraud perpetrated upon Plaintiffs" despite being "sent copies of the forensic document examiner's report which concluded that the documents used to initiate and prosecute the foreclosure and sale were forged." Claim Three further alleges that Chapman "allowed the foreclosure and sale to proceed despite such evidence and thereby breached [her] duty to ensure honest and legal foreclosures." Id. at ¶ 55.[2] The Motion to Stay requests that the court "grant a stay of all further proceedings in or arising out of the Boulder Court action including a stay of the foreclosure sale pending the full determination of the Federal action." *Motion to Stay*, p. 2, ¶ 12.[3]

### III.  ANALYSIS

#### A.  Claim Two

Claim Two alleges that "Defendant, OCWEN, HSBC, People's Choice, Title Company, HomeQ, and all other Defendants" engaged in unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). *Complaint*, p. 11, ¶ 47. Claim Two does not specifically name Ms. Chapman, and Ms. Chapman does not address this claim. Construing the Complaint liberally, I find that Claim Two is asserted against Ms. Chapman. I address the claim in the interest of judicial economy.

---

[2] Any other claims the plaintiffs may be attempting to assert against Chapman are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[3] Page two of the Motion to Stay is missing. I cite to the page numbers of the Motion to Stay as they are assigned by the court's docketing system.

The FDCPA applies only to debt collectors. 15 U.S.C. § 1692. A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. at § 1692a(6). The plaintiffs are suing Ms. Chapman in her capacity as the Public Trustee for Jefferson County. The Complaint does not contain any allegations from which to reasonably infer that Ms. Chapman is a debt collector under the FDCPA.

RESPA was enacted to implement "significant reforms in the real estate settlement process" which "are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601. The Complaint does not contain any allegations to state a cause of action under RESPA against Ms. Chapman in her capacity as the Public Trustee for Jefferson County.

Claim Two does not contain allegations sufficient to state a plausible claim against Ms. Chapman under either the FDCPA or RESPA. Therefore, Claim Two should be dismissed as against Ms. Chapman.

### B. Claim Three

Claim Three seeks to set aside the Public Trustee's sale. The defendant asserts that Claim Three is barred by the Rooker-Feldman doctrine or, in the alternative, the court must abstain under the rule of Younger v. Harris, 401 U.S. 37 (1971).

The Rooker-Feldman doctrine "operates as a subject-matter jurisdictional bar that may be raised at any time." Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005). The defendant's Rooker-Feldman argument presents a factual challenge to this court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations in the Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005). The Rooker-Feldman doctrine prohibits a United States district court from considering claims that have been adjudicated in state court and claims that are inextricably intertwined with the prior state-court judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The doctrine "applies only to suits filed after state proceedings are final." Id. at 1032.

An understanding of the Colorado real estate foreclosure process is necessary prior to addressing the plaintiffs' claim. The court in Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591 (D. Colo. May 7, 2007), set forth a summary of the process:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the county where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the sale. C.R.C.P. 120; § 38-38-105, C.R.S. However, the process of conducting the sale and the parties' rights in such process are largely administrative.

> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. § 38-38-101(1), C.R.S. The lender must also seek an order from the state district court authorizing the sale under Rule 120. Once a sale is authorized, the public trustee advertises and conducts the sale. § 38-38-101(4), C.R.S. The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> FN3. The Rule 120 procedure requires notice and gives the borrower an opportunity to object to the sale. Under Rule 120(a), the holder of the note files a verified motion in the state court requesting an order authorizing the sale of the property. The clerk of the court then sets a hearing "not less than 20 nor more than 30 days after the filing of the motion[.]" C.R.C.P. 120(a). Interested persons who oppose the motion have an opportunity to respond. C.R.C.P. 120(c). After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d). If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale." C.R.C.P. 120(g).
>
> Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. See § 38-38-101 to § 38-38-103, C.R.S. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.
>
> FN4. The time for redemption depends upon the nature of the property. § 3838302, C.R.S.
>
> Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment." However, a party may seek injunctive or other relief in any court of competent jurisdiction. Id.

Id. at *2.

In Beeler, the court noted that "[g]iven the nature of the Colorado foreclosure process, it is difficult to determine" when the state proceedings are final. Id. at *2-*3. "It could be at the time of the sale, expiration of the redemption periods, upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed." Id. at *3.

The plaintiffs initiated this action on January 6, 2011. The Boulder County District Court issued an order approving the sale of the property on October 1, 2010. *Motion to Dismiss*, Ex. A-3. At the time the Motion was briefed, the plaintiffs had a pending action in the Boulder County District Court seeking to enjoin the foreclosure. Id. at Ex. A-4. In their response to the Motion, the plaintiffs state that they "intend to request dismissal of the case within the next week of filing this Response." *Response to Defendant Jefferson County Public Trustee Margaret T. Chapman's Motion to Dismiss* [Doc. #33] (the "response"), p. 4, ¶ 10. There is nothing in the record to show that the plaintiffs dismissed the state case. It is not clear from the record whether the plaintiffs' state action has been brought pursuant to Rule 120(d), and there is no evidence in the record regarding whether or when a Trustee's Deed was issued.. Therefore, it not clear whether the foreclosure action is final for purposes of Rooker-Feldman.

Regardless, this court cannot reach the plaintiffs' request to set aside the foreclosure. If finality of the plaintiffs' foreclosure action occurred upon issuance of the order approving the sale, then the action was final before they filed this federal action, and the Rooker-Feldman analysis governs Claim Three. The plaintiffs are seeking federal review and rejection of the state foreclosure action, which is precisely the type of action barred by Rooker-Feldman. See Exxon, 544 U.S. at 284 (holding that the Rooker-Feldman doctrine bars "cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

If the state foreclosure action became final while this action was pending, preclusion law would govern the disposition of this action. Exxon, 544 U.S. at 292-92 (stating that comity or abstention doctrines may be applicable when there is parallel ongoing state and federal litigation, but preclusion law governs once the state-court adjudication becomes complete). Federal courts must give full faith and credit to state court judgments. 28 U.S.C. § 1738 (2000); Pittsburgh County v. City of McAlester, 346 F.3d 1260, 1276 (10th Cir. 2003). The preclusive effect of a state-court decision is governed by the preclusion law of the state in which the judgment was rendered. Nichols v. Board of County Comm'rs, 506 F.3d 962, 967 (10th Cir. 2007). Under Colorado law, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." Argus Real Estate, Inc. v. E-470 Pub. Highway Auth., 109 P.3d 604, 608 (Colo. 2005). For claim preclusion to apply, the following elements must exist: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." Id. With regard to the first element, I assume for purposes of this analysis that the foreclosure action became final while this case was pending. Because this action (a) involves the same loan, deed of trust, and property as the state action; (b) seeks a declaration that the state foreclosure action is void; and (c) involves the same defendants, the remaining elements are met. *Motion to Dismiss*, Ex. A-4. Therefore, to the extent the state

foreclosure action became final while this action was pending, claim preclusion bars the plaintiffs from relitigating the foreclosure action in this court.[4]

If finality of the state foreclosure adjudication has not yet occurred, this court must abstain under the rule of Younger v. Harris, 401 U.S. 37 (1971). Younger abstention provides as follows:

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief-- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-- when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances. As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Weitzel v. Div. Of Occupational and Professional Licensing, 240 F.3d 871, 875 (10th Cir. 2001)(internal citations omitted).

I agree with and adopt the court's conclusion in Beeler that "[a]ctions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law." Beeler, 2007 WL 1346591 at

---

[4] I am aware that claim preclusion is an affirmative defense. Fed.R.Civ.P. 8(c). The defendant did not assert preclusion in her Motion to Dismiss. However, because I cannot determine when a Colorado foreclosure action is final for purposes of the defendants' Rooker-Feldman argument, in the interests of thoroughness and judicial economy, I address all possible points of finality and apply the appropriate analysis for each.

*1.  See also Memphis Street, LLC v. Lowe Enterprise Residential Investors, LLC, 2007 WL 1456067 (D. Colo. May 15, 2007).

Thus, regardless of whether the state foreclosure process reached finality before, during, or after the plaintiffs filed this action, they cannot seek to set aside the foreclosure in this court. The Motion to Dismiss should be granted insofar as it seeks dismissal of Claim Three as against defendant Chapman.

### C.  The Motion to Stay

The plaintiffs request that the court "grant a stay of all further proceedings in or arising out of the Boulder Court action including a stay of the foreclosure sale pending the full determination of the Federal action." *Motion to Stay*, p. 2, ¶ 12.  The plaintiffs sought the same relief in a previous motion [Doc. 3].  The district judge denied the previous motion stating:

> [T]he Boulder County Court appears to have fully-adjudicated the parties' rights in connection with the Boulder County Property and confirmed that the public trustee sale was conducted in conformity with its order authorizing the sale.  As such, this Court is precluded from reviewing or interfering with the eviction proceedings; such interference would require this Court to substitute its judgment for those of the state court's on these issues of property rights, which involve important state interests and which look to state law for their resolution.  The more appropriate remedy is to pursue an independent action in state court that challenges the Boulder County Court's orders authorizing foreclosure and the sale of the property.

*Order Denying Motion for Emergency Stay and Restraining Order . . . .* [Doc. #8], p. 5.

For these reasons and the reasons stated in my analysis of Claim Three, the Motion for Stay should be denied.

## IV.  CONCLUSION

I respectfully RECOMMEND:

(1)  Defendant Jefferson County Public Trustee Margaret T. Chapman's Motion to Dismiss [Doc. #23]  be GRANTED and the claims against Chapman be DISMISSED; and

(2)  The plaintiffs' Emergency Motion for Immediate Emergency Stay and Restraining Order [Doc. #26] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 23, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge