IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-00038-CMA-BNB

CLIFTON E. PLEMONS, and
ALIECE PLEMONS,

     Plaintiffs,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, a foreign business corporation,
PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,
OCWEN LOAN SERVICE, LLC, a foreign LLC,
TITLE COMPANY OF DENVER,
     *a/k/a* Title Partners of Colorado, a Colorado corporation,
RICHARD G. GEBHARDT, Public Trustee for Boulder County, and
MARGARET T. CHAPMAN, Public Trustee for Jefferson County,

     Defendants.

---

## ORDER AFFIRMING AND ADOPTING JUNE 23, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on Defendant Jefferson County Public Trustee Margaret T. Chapman's Motion to Dismiss (Doc. # 23) and *pro se* Plaintiffs Clifton E. Plemons and Aliece Plemons's Emergency Motion for Immediate Emergency Stay and Restraining Order ("Motion for Stay and Restraining Order") (Doc. # 26).  The Motion to Dismiss was referred to United States Magistrate Judge Boyd N. Boland for a Recommendation by Order of Reference dated February 28, 2011.  (Doc. # 24.) The Motion for Stay and Restraining Order was referred to Magistrate Judge Boland

on March 2, 2011.  (Doc. # 30.)  On June 23, 2011, Magistrate Judge Boland issued a Recommendation that the Motion to Dismiss be granted and the Motion for Stay and Restraining Order be denied.  (Doc. # 46 at 1, 7, and 13.)  The Recommendation is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(b), Fed. R. Civ. P. 72(b).

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996).  According to the Federal Rules of Civil Procedure, an objection is timely if made within 14 days after the Magistrate Judge issues his recommendation.  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  Where no party files proper objections to a recommendation, the Court may review the recommendation for clear error.  *See* Fed.R.Civ.P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

In the instant case, Plaintiffs timely filed their Objections to the Magistrate Judge's Recommendation (Doc. # 48) on July 7, 2011.  Additionally, on July 19, 2011, Defendant Jefferson County Public Trustee Margaret T. Chapman timely responded to Plaintiffs' Objections.  (Doc. # 50.)  Accordingly, the Court has performed a *de novo* review.

## II. <u>DEFENDANT CHAPMAN'S MOTION TO DISMISS (DOC. # 23)</u>

In the Amended Complaint, Plaintiffs assert two claims of relief against Defendant Chapman, as Jefferson County Public Trustee.  First, in their second claim of relief, Plaintiffs allege that Defendant Chapman, along with the other Defendants, violated the provisions of the Fair Debt Collections Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA") by "attempt[ing] to collect a debt and foreclose upon the Plaintiff's Subject Property based upon a fraudulent transaction and therefore an invalid debt."  (Doc. # 9, ¶ 48.)[1]  Next, in their third claim of relief, Plaintiffs ask the Court to set aside the Trustee's sale of their property on grounds that other Defendants, namely HSBC, People's Choice, OCWEN, and HomeQ, "never had the legal authority to foreclose because the instrument (Deed of Trust) which permitted foreclosure is void as it was improper[.]" (*Id.*, ¶ 52.)  Plaintiffs further allege that Defendant Chapman "allowed the fraudulent foreclosure and sale to proceed and have acquiesced in the fraud perpetrated upon Plaintiffs," despite her

---

[1] All page number citations refer to the numbering used by the Court's CM/ECF docketing system and not to the documents' original numbering.

purported receipt of information that "the documents used to initiate and prosecute the foreclosure and sale were forged." (*Id.*, ¶ 55.)  Consequently, Plaintiffs assert that, by allowing the foreclosure and sale to proceed, Chapman breached her "duty to ensure honest and legal foreclosures." (*Id.*)

Defendant Chapman asserts that dismissal of Plaintiffs' third claim of relief against her is warranted on the following grounds: (1) Plaintiffs' claim is barred by the *Rooker-Feldman* doctrine and/or *Younger* abstention; and (2) Plaintiffs have a case pending before the Boulder County District Court in which they lodge substantially similar allegations against Chapman, in her capacity as the Jefferson County Public Trustee.  Defendant Chapman did not address Plaintiff's second claim of relief for violations of the FDCPA and RESPA, which claim did not specifically identify her by name, but referred to her collectively with the "other Defendants."

Once Defendant Chapman's Motion was fully briefed by both sides and ripe for ruling, the Magistrate Judge issued his Recommendation on June 23, 2011.  (Doc. # 46.)  With respect to Plaintiff's second claim for FDCPA and RESPA violations, the Magistrate Judge recommended dismissal of: (1) the FDCPA claim because it only applies to debt collectors, which does not include public trustees such as Chapman; and (2) the RESPA claim because of Plaintiffs' failure to allege any facts concerning the provision of "information on the nature and costs of the [real estate] settlement process" or the imposition of "unnecessarily high settlement charges[.]" (*Id.* at 7).  With respect to Plaintiffs' third claim for a court-ordered set-aside of the trustee's sale, the Magistrate

Judge recommended dismissal pursuant to the *Rooker-Feldman* doctrine, if the underlying foreclosure proceedings are concluded and a final decision has been issued, or under the *Younger* abstention doctrine, if the underlying foreclosure proceedings are ongoing. (*Id.* at 10, 12).

In objection to the recommended dismissal of Claim Three against Defendant Chapman, Plaintiffs assert that this claim is not barred by either the *Rooker-Feldman* doctrine or *Younger* abstention doctrine because the allegations concern Chapman's "pre-foreclosure action" conduct. (Doc. # 48 at 1.) Specifically, Plaintiffs assert that the "state court judgment against [them] was a natural result of the prior acquiescence and approval of Defendant Chapman of the actions of the other Defendants," and, "[w]ere it not for her approval and acceptance" of such actions, "the state court decision would have never been issued." (*Id.* at 1-2.) In sum, Plaintiffs assert that "[t]he state court decision is a secondary, natural result of Chapman's behavior." (*Id.* at 2) (emphasis omitted). Plaintiffs did not object to the recommended dismissal of Claim Two to the extent it asserts allegations against Defendant Chapman.

In response to Plaintiffs' Objections, Defendant Chapman restates the arguments presented in her Motion to Dismiss. (Doc. # 50.)

Having reviewed the Amended Complaint, the parties' briefs, the Recommendation, Plaintiffs' Objections, and Defendant Chapman's Response, the Court finds that the Magistrate Judge's analysis is thorough and his conclusions are correct and dismissal without prejudice of Plaintiffs' Claim Three for the set-aside of the trustee's

sale is warranted. As the Court has noted on several other occasions, federal district courts are precluded from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property. *See* Doc. # 8 at 4; *see also Snider v. B.A.C. Home Loans Servicing, LP*, No. 11-cv-00224, 2011 WL 805792, at *2 (D. Colo. Feb. 28, 2011) (unpublished). Further, to the extent that Plaintiffs allege that the foreclosure proceedings were rife with fraud, the more appropriate remedy is to pursue an independent action in state court. Doc. # 8 at 5; *Snider*, 2011 WL 805792, at *3. Additionally, as both the Magistrate Judge and Defendant Chapman duly noted, the *Younger* abstention doctrine bars this Court's exercise of jurisdiction over Claim Three, in light of similar allegations in a presently pending action in Boulder County District Court, and which concerns Plaintiffs' purported property rights.

With respect to Plaintiffs' Claim Two, although Plaintiffs have not asserted any objections to this portion of the Magistrate Judge's recommendation, the Court has reviewed the Magistrate Judge's recommended dismissal for clear error; finding none, the Court concurs that dismissal without prejudice of Plaintiffs' Claim Two is warranted to the extent that it contains any allegations against Defendant Chapman.

### III. PLAINTIFFS' MOTION FOR STAY AND RESTRAINING ORDER (DOC. # 26)

In their Motion for Stay and Restraining Order, which was filed on March 1, 2011, and is Plaintiffs' third such emergency motion,[2] Plaintiffs ask the Court to enjoin immediately eviction proceedings until such time that the Court has determined the merits of the instant action. (Doc. # 26 at 1) (emphasis omitted). Plaintiffs further state that they "were not given an adequate opportunity to be heard in state district court and thus their Constitutional rights have been violated." (*Id.* at 2.)

Magistrate Judge Boland recommends denial of the Motion for Stay and Restraining Order, in light of the Court's previous denial of Plaintiff's prior emergency motion, which denial was premised on the *Rooker-Feldman* doctrine. (Recommendation, Doc. # 46 at 13; Court's previous denial, Doc. # 8 at 4-5.) Plaintiffs did not assert any objections to the recommended denial of this Motion. Based on the foregoing, the Court concurs that denial of the instant Motion for Stay and Restraining Order is warranted.

### IV. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) The June 23, 2011 Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 46) is AFFIRMED and ADOPTED;

---

[2] Plaintiffs' first and second emergency motions were filed on January 13, 2011 (Doc. #3), and January 28, 2011 (Doc. #7). The Court denied both motions on February 1, 2011 (Doc. #8).

(2)   Defendant Jefferson County Public Trustee Margaret T. Chapman's Motion to Dismiss (Doc. # 23) is GRANTED;

(3)   Plaintiffs' second claim of relief for purported violations of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act and Plaintiffs' third claim of relief for a set aside of the trustee's sale are dismissed without prejudice to the extent they are asserted against Defendant Chapman;

(4)   Defendant Chapman is DISMISSED from this action and the caption on all subsequent filings shall reflect the removal of Margaret T. Chapman as a Defendant in this case; and

(5)   Plaintiffs' Emergency Motion for Immediate Emergency Stay and Restraining Order (Doc. # 26) is DENIED.

DATED:  July  22 , 2011

                                      BY THE COURT:

*Christine M. Arguello* (signature)

CHRISTINE M. ARGUELLO
United States District Judge