IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00038-CMA-BNB

CLIFTON E. PLEMONS, and
ALIECE PLEMONS,

Plaintiffs,

v.

HSBC BANK USA, National Association, a foreign business corporation,
PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation,
OCWEN LOAN SERVICE, LLC, a foreign LLC,
TITLE COMPANY OF DENVER a/k/a TITLE PARTNERS OF COLORADO, a Colorado corporation, and
RICHARD G. GEBHARDT, PUBLIC TRUSTEE FOR BOULDER COUNTY,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiffs filed their Complaint [Doc. #1] on January 6, 2011. The district judge ordered the plaintiffs to effect service on the defendants no later than February 11, 2011 [Doc. #2]. On February 9, 2011, the plaintiffs filed a Return of Service on defendant Richard G. Gebhardt, Boulder Public Trustee [Doc. #11]. Mr. Gebhardt has not answered or otherwise responded to the Complaint.

The Return of Service contains several boxes and asks the server to "[c]heck one box to indicate appropriate method of service." The server checked the box that states "[s]erved personally upon the defendant." In response to the form's inquiry of "[p]lace where left:" the server wrote "office."

Under the Federal Rules of Civil Procedure, an individual may be personally served by:

>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>
>   >   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   >
>   >   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   >
>   >   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

Under the Colorado Rules of Civil Procedure, personal service is accomplished by:

>   delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Colo.R.Civ.P. 4(e).

Because the plaintiffs indicated that personal service was attempted on defendant Gebhardt by leaving the Summons and Complaint at the office of the Boulder Public Trustee instead of leaving it with Mr. Gebhardt's secretary, administrative assistant, bookkeeper, or managing agent, and because it appeared that the plaintiffs had not served Mr. Gebhardt in

compliance with Rule 4(m),[1] I ordered the plaintiffs to shall show cause why this case should not be dismissed as against Mr. Gebhardt for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.  D.C.COLO.LCivR 41.1.  I warned the plaintiffs that failure to show cause on or before July 7, 2011, would result in my recommendation that the Complaint be dismissed as to defendant Gebhardt.

In response to my order to show cause, the plaintiffs state:

> When these documents were served, the process server [Dana Greer] attempted to meet with Gebhardt personally.  The server was denied access to Gebhardt but was told by the clerk (the only person present) that she would give him the documents.  Greer believed that the person who accepted the documents for service upon Gebhardt was an administrative assistant for Gebhardt.  The administrative assistant/clerk presented herself as one with authority to accept service for Gebhardt.  Greer could not, of course, force the individual to allow a personal meeting with Gebhardt.

*Response to Show Cause Order* [Doc. #49], p. 2.  The statement is hearsay and is not made under oath or penalty of perjury.  Even excepting these problems, allowing the plaintiffs, who are parties interested in the action, to establish the sufficiency of service contravenes the purposes of

---

[1] Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The plaintiffs filed an Amended Complaint on February 4, 2011 [Doc. #9].  The 120 days for service provided in Rule 4(m) expired on June 4, 2011.

3

Fed. R. Civ. P. 4(c)(2), which requires service by a person "not a party" to the action, and Fed. R. Civ. P. 4(l)(1), which requires that proof of service by "the server's affidavit."

The plaintiffs have failed to provide competent evidence that Mr. Gebhardt was personally served.

I respectfully RECOMMEND that defendant Richard G. Gebhardt be DISMISSED from this action based on the plaintiffs' failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.  D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 5, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge